IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ISAAC A. POTTER, JR., | Case No. 3:16-cv-02090-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| DARK HORSE COMICS, INC., MICHAEL RICHARDSON, PAULINA GANUCHEAU, and KEVIN PANETTA, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Isaac Potter, Jr. ("Plaintiff"), a Florida resident proceeding *pro se*, brings this action against Defendants Dark Horse Comics, Inc. ("Dark Horse"), Michael Richardson ("Richardson"), Paulina Ganucheau ("Ganucheau"), and Kevin Panetta ("Panetta") (collectively, "Defendants").[1] Plaintiff alleges that Defendants infringed his intellectual property rights in a work entitled "Zodiac Knights 2000," and in doing so, violated the Copyright Act, 17 U.S.C. §§ 101-1332. (Compl. at 5, 9.) Defendants move to dismiss Plaintiff's complaint, pursuant to FED.

---

[1] The certificate of service attached to the complaint makes a passing reference to Dark Horse executive vice president Neil Hankerson ("Hankerson"). (*See* Defs.' Mot. Dismiss at 2 n.1, citing Compl. at 22.) Unlike Dark Horse, Richardson, Ganucheau, and Panetta, Plaintiff did not specifically name Hankerson as a defendant in the complaint. (Compl. at 2-5.) Accordingly, the Court will not treat Hankerson as a named defendant at this stage of the proceedings.

R. CIV. P. 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court recommends that the district judge grant Defendants' motion to dismiss.

## BACKGROUND

Echoing the words of a sister court in a similar case Plaintiff filed regarding "Zodiac Knights 2000," the present action is "far from Plaintiff's first effort to seek relief for alleged copyright and trademark infringement." *Potter v. Toei Animation, Inc.*, 839 F. Supp. 2d 49, 51 (D.D.C. 2012). "In fact, he has filed at least *eleven* federal actions in different courts in the last seven years in relation to these same copyright and trademark claims." *Id.* Those cases reveal that "the gravamen of Plaintiff's claim" concern the fact that he "obtained copyright protection for drawings entitled 'Zodiac Knights 2000,' and that at some point the Cartoon Network aired a series entitled 'Knights of the Zodiac,' which he believes infringed on his copyright." *Id.* at 51-52. Plaintiff repeats those claims here, and also alleges, *inter alia*, that Defendants infringed his rights by publishing a comic book entitled "Zodiac Starforce."[2] (Compl. at 10, 12, 23.)

## ANALYSIS

### I. STANDARD OF REVIEW

The Ninth Circuit has "held that dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In evaluating the sufficiency of a complaint's factual allegations, district courts must "accept as true all well-

---

[2] Consistent with his past practices, Plaintiff has submitted a number of filings in this court that are largely incomprehensible, and he has made virtually no attempt to respond to the substantive arguments Defendants raise in their motion to dismiss. *Compare Potter*, 839 F. Supp. 2d at 51 (noting that the complaint was "largely incomprehensible" and that "Plaintiff never respond[ed] to [the] arguments" raised in a motion to dismiss).

pleaded allegations of material fact, and construct them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). District courts "are not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* Nor are district courts required to accept as true allegations that simply recite the elements of a cause of action. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Ultimately, surviving a motion to dismiss requires that the complaint "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## II.     DISCUSSION

In addition to asserting a claim for copyright infringement, Plaintiff also appears to assert claims against Defendants for: (1) fraud; (2) violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); and (3) violation of the Economic Espionage Act ("EEA"), 18 U.S.C. §§ 1831-39. (*See* Compl. at 9.) Defendants move to dismiss Plaintiff's complaint on the ground that he has failed to state a claim upon which relief may be granted. The Court agrees, and therefore recommends that the district judge grant Defendants' motion to dismiss.

### A.     Undifferentiated Allegations

Defendants argue that Plaintiff's complaint should be dismissed because he makes undifferentiated allegations against Defendants and thus fails to explain "how each is purported to be responsible for the allegedly wrongful acts." (Def.'s Mot. Dismiss at 2.) Plaintiff does not

PAGE 3 – FINDINGS AND RECOMMENDATION

contest Defendants' motion on this ground. (*See* Pl.'s Resp. at 1-31.) In fact, Plaintiff did not make any attempt in his response to address this argument. (*Id.*)

It well settled that a district "court should dismiss a complaint that makes undifferentiated allegations against multiple defendants, because such a complaint fails to put each defendant on notice of the alleged wrongdoing." *Manukyan v. Cach, LLC*, No. 12-08356, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) (citation omitted). The Court concludes that Plaintiff's complaint should be dismissed because it makes undifferentiated allegations against multiple defendants and, therefore, fails to provide Defendants with the notice required under FED. R. CIV. P. 8. *See Manukyan*, 2012 WL 6199938, at *3 (granting the defendants' motion to dismiss the complaint because it did "not differentiate between Defendants" and made "no mention of any specific acts made against an individual Defendant," and thus failed "to comply with Rule 8" by putting the "Defendants on notice of their supposedly improper conduct"). Standing alone, this deficiency warrants granting Defendants' motion in its entirety.

**B.     Fraud**

Defendants also move to dismiss Plaintiff's fraud claim. "Under Rule 9(b), a plaintiff 'must state with particularity the circumstances constituting fraud.'" *Puri v. Khalsa*, ---- F. App'x ---- , 2017 WL 66621, at *5 (9th Cir. Jan. 6, 2017) (quoting Fed. R. Civ. P. 9(b)). In other words, "the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false." *Id.* (citation omitted).

Here, Plaintiff's complaint includes only conclusory allegations of fraud. (*See* Compl. at 14, conclusorily alleging that "The Defendant" stole or obtained, destroyed, or conveyed "[i]nformation" without an owner's authorization, and knew that such information was "[p]roprietary"). Plaintiff's allegations fail to satisfy Fed. R. Civ. P. 9(b). *See Puri*, 2017 WL

PAGE 4 – FINDINGS AND RECOMMENDATION

66621, at *5 ("[M]ere conclusory allegations of fraud are insufficient. Broad allegations that include 'no particularized supporting detail' [also] do not suffice[.]") (citations and quotation marks omitted). Accordingly, the district judge should grant Defendants' motion to dismiss on this ground as well.

      **C.**    **Copyright Infringement**

To state a claim for copyright infringement, Plaintiff "had to allege facts plausibly showing that the defendants copied the protected elements in [his] work." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 668 F. App'x 803, 803 (9th Cir. 2016) (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)). A plaintiff can satisfy this standard by plausibly alleging "either that the two works in question are strikingly similar, or . . . that they are substantially similar and that the defendant had access to the plaintiff's work." *Id.* In order to allege "striking or substantial similarity," a plaintiff can, for example, describe the work's "protectable elements" and identify "those same elements" in the defendants' work. *Id.* at 803-04 (citation omitted).

Plaintiff has failed plausibly to allege that the two works in question are strikingly or substantially similar. Indeed, the only similarity the Court can infer from Plaintiff's complaint is that the two works—"Zodiac Knights 2000" and "Zodiac Starforce"—share the word "Zodiac" in their titles. (*See* Compl. at 5, 9-10.) Plaintiff has not alleged that he has any exclusive right to use the word "Zodiac," nor has Plaintiff plausibly alleged how his work's "protectable elements" are strikingly or substantially similar to the "same elements" in Defendants' work. (*See id.*) In light of these deficiencies and those described above, the district judge should grant Defendants' motion to dismiss Plaintiff's copyright infringement claim.

///

///

PAGE 5 – FINDINGS AND RECOMMENDATION

### D. ACPA

Plaintiff also brings claims against Defendants for cybersquatting and cyberpiracy under the ACPA. (Compl. at 9, 13.) To state claims for cyberpiracy or cybersquatting, a trademark owner must plausibly allege that the defendant: "(1) registered, trafficked in, or used a domain name, (2) that is confusingly similar to the plaintiff's trademark, and (3) had a bad faith intent to profit from that domain name." *See Nucal Foods, Inc. v. Kaye*, No. 12-2754, 2013 WL 1680643, at *3 (E.D. Cal. Apr. 17, 2013) (setting forth the pleading standards for ACPA cyberpiracy); *Renovation Realty, Inc. v. Esplanade*, No. 13-396, 2013 WL 12114628, at *2 (S.D. Cal. May 9, 2013) (setting for the pleading standards for ACPA cybersquatting).

Plaintiff has failed to state plausible claims for cyberpiracy or cybersquatting under the ACPA. The allegations Plaintiff includes in support of his ACPA claims consist only of (1) quotes from the ACPA, and (2) several Internet links referencing "Zodiac Starforce." (*See* Compl. at 13.) Such bare allegations are insufficient to support claims for ACPA cyberpiracy or cybersquatting. *See Starr*, 652 F.3d at 1216 ("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). Accordingly, the district judge should grant Defendants' motion to dismiss Plaintiff's ACPA claims.

### E. EEA

Finally, Plaintiff brings claims against Defendants for violation of the EEA. (Compl. at 9, 15.) There is no private right of action under the EEA. *See Sorodsky v. U.S. Attorney*, No. 12-4420, 2012 WL 4891697, at *3 (E.D.N.Y. Oct. 11, 2012) (dismissing a *pro se* plaintiff's EEA claim for the same reason); *Taylor v. U.S. Patent & Trademark Office*, No. 12-3851, 2012 WL 5873685, at *1 (N.D. Cal. Nov. 20, 2012) ("EEA is a criminal statute and does not afford a private right of action to any civil plaintiff. Therefore, plaintiff has failed to state a claim upon

PAGE 6 – FINDINGS AND RECOMMENDATION

which relief may be granted."); *see also* Cooper Square Realty Inc. v. Jensen, No. 04-1011, 2005 WL 53284, at *1 & n.3 (S.D.N.Y. Jan. 10, 2005) (noting that "congressional intent—articulated in the text of the EEA as well as its legislative record—expressly and unambiguously demonstrates that Congress did not establish a private cause of action in the EEA"). Accordingly, the district judge should grant Defendants' motion to dismiss on this ground.

F.  **Leave to Amend**

The remaining issue is whether Plaintiff should be granted leave to amend his complaint. In their reply brief, Defendants explained why they believe a dismissal with prejudice is appropriate here:

> Since filing this lawsuit, [Plaintiff] has filed numerous pleadings, exhibits, notices of appeal, and other documents, requiring defendants to expend substantial time, money, and effort to defend and respond. [Plaintiff's] conduct is unfortunately consistent with his behavior in other lawsuits. [Plaintiff] is not a well-intentioned *pro se* litigant who mistakenly filed a complaint with technical deficiencies or an untimely appeal. To the contrary, this lawsuit is yet another example of [Plaintiff's] abuse of judicial process. Because [Plaintiff's] allegations fall so far short of meeting his burden to state a viable claim, and in light of his litigious history, defendants request that this Court dismiss [Plaintiff's] complaint with prejudice.

(Defs.' Reply at 2-3) (internal footnote omitted).

"Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (citations and quotation marks omitted). "A district court acts within its discretion to deny leave to amend when amendment would be futile." *Godwin v. Christianson*, 594 F. App'x 427, 428 (9th Cir. 2015) (citation omitted). Further, "[w]hen a district court has already granted a plaintiff leave to amend,

its discretion in deciding [whether to grant leave] to amend is particularly broad.'" *Id.* (citation omitted).

The Court is unable to conclude that Plaintiff could not possibly cure his complaint by alleging additional facts. Given that leave to amend "should be granted more liberally to pro se plaintiffs," the Court concludes that dismissal should be without prejudice and with leave to amend. However, given Plaintiff's extensive litigation history and failure meaningfully to participate in this proceeding, the Court recommends that the district judge order Plaintiff to amend his complaint (*if* he possesses a good faith basis for doing so) within fourteen days of the Order on this Court's Findings and Recommendation. Plaintiff is advised that failure timely to amend, diligently prosecute his case, or follow court orders will result in the dismissal of this proceeding with prejudice.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Defendants' motion to dismiss (ECF No. 31).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of May, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 8 – FINDINGS AND RECOMMENDATION